UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KENNY L. FUTCH, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | CAUSE NO. 3:14-CV-1925 RM |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Kenny L. Futch, a *pro se* prisoner, filed an amended habeas corpus petition (DE 10) challenging his convictions for dealing cocaine and aggregate 17 year sentence by the Allen Superior Court on July 17, 2012 under cause number 02D05-1111-FB-250. The respondent argues that the petition is untimely. Habeas corpus petitions are subject to a strict one year statute of limitations. 28 U.S.C. § 2244(d) provides four possible dates from which the limitation period begins to run.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The respondent argues that the court should apply § 2244(d)(1)(A) and calculate the one-year period of limitation starting from July 10, 2013, because that is when the conviction became final upon the expiration of the time for filing a petition for certiorari.[1] Mr. Futch didn't file a post-conviction relief petition, so the statute of limitations wasn't tolled pursuant to § 2254(d)(2). Consequently the one-year period of limitations would have expired on July 10, 2014. Because the first document[2] Mr. Futch filed in this case wasn't signed until September 18, 2014, (DE 1 at 3) this case couldn't have been timely filed.

Mr. Futch responds that "[a]rguably assuming that July 10, 2014, was the date at issue here to have sought habeas, certiorari, post-conviction relief and or review – it would be the State again causing such long delay by erroneously holding on to the record transcribed completely October 10, 2012, thus only needed copying?" DE 30 at 31. This is consistent with the explanation he provided in his petition for why it was timely:

---

[1] The Indiana Supreme Court denied transfer on April 11, 2013. However, "the judgment becomes final . . .when the time for pursuing direct review . . . expires." Gonzalez v. Thaler, 565 U.S. __, __; 132 S. Ct. 641, 653-54; 181 L. Ed. 2d 619, 636 (2012). That time did not expire until 90 days later when the deadline for filing a petition for certiorari to the United States Supreme Court expired on July 10, 2013. See Sup. Ct. R. 13(1) (establishing that petitions for certiorari must be filed within 90 days).

[2] Mr. Futch began this case by filing a document captioned, "Notice of Intent to Petition for Review/Appeal." DE 1 at 1. He did not sign his first habeas corpus petition until November 26, 2014. DE 6-2 at 13.

2

> This application is made expeditiously after counsel settled the record and it became available to relator, the issues were hidden, diligent *pro se* actions were biasly struck down and the trial court's jurisdiction became an issue wheretofore it failed to act when it was under a duty to act against police, prosecution, and counsel misconduct who's actions and inactions were consistent with bad faith, sabotage, confederates, and mercenaries who failed to have rescued themselves do/due to laboring under conflict in that the higher court failed to take notice thereof.

DE 10 at 17. These arguments make clear that Mr. Futch believes that state actors delayed his filing of a habeas corpus petition by keeping him from obtaining the record of his case. However,

> The state's failure to provide Mr. Lloyd with a transcript did not prevent him from filing his habeas corpus petition, and the time limit contained in § 2244(d)(1)(B) does not apply to this case. Although neither § 2244 nor this circuit has defined what constitutes an "impediment" for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.

Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original). So too here. The absence of the record didn't prevent Mr. Futch from filing a habeas corpus petition. All Mr. Futch needed to file a habeas corpus petition was the ability to write to this court and knowledge of what claims had been previously raised and exhausted in the State courts as required by 28 U.S.C. § 2254(b)(1). The dockets of the state trial and appellate courts show that he wrote to those courts five times between July 10, 2013, and July 20, 2014. DE 24-1 at 4 and DE 24-2 at 2. His direct appeal counsel sent him a copy of the appellant's brief on November 19, 2012. DE 30 at 6. Thus, state actors neither prevented him from writing to the courts nor from knowing what issues had been previously raised and exhausted. Section 2244(d)(1)(B) is not applicable to this case either.

Mr. Futch also argues that he needed the state record to discover new claims that hadn't been previously raised. However, "[a]s a matter of law, new evidence supporting a claim actually made at or before trial cannot form the basis of a new period under § 2244(d)(1)(D)." Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005) *abrogated on other grounds by* McQuiggin v. Perkins, 569 U.S. __; 133 S. Ct. 1924; 185 L. Ed. 2d 1019 (2013). To qualify as a claim based on newly discovered evidence, the claim must be presented within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The court of appeals has made clear that the time runs from the date when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001). The "desire to see more information in the hope that something will turn up differs from 'the factual predicate of a claim or claims' for purposes of § 2244(d)(1)(D). The district judge therefore was right to use § 2244(d)(1)(A) to identify the last day [the petitioner] had to get a collateral attack under way." Johnson v. McBride, 381 F.3d 587, 589 (7th Cir. 2004) (brackets omitted). Though it's understandable why Mr. Futch would want to see all of the information in the official record, nothing in it can be considered newly discovered evidence because that record was merely an accumulation of the documents and transcripts of the trial proceedings he participated in. Even if there were documents that he hadn't seen during his trial, the factual predicate of any claims arising out of those documents still

4

would have been accessible to him during those proceedings. Section 2244(d)(1)(D) doesn't apply to this case either.

Mr. Futch also asserts that he is entitled to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631 (2010) (quotation marks and citation omitted). Equitable tolling is an extraordinary remedy that is rarely granted. Obriecht v. Foster, 727 F.3d 744, 748 (7th Cir. 2013). "Petitioners bear the burden of proving that they qualify for equitable tolling." Taylor v. Michael, 724 F.3d 806 (7th Cir. 2013). Mr. Futch argues that he worked diligently to get the state court record and that the delay in getting it was an extraordinary circumstance that kept him from being able to file a habeas corpus petition. As already explained, the delay in obtaining a copy of the state court record didn't prevent him from filing either a habeas corpus or a post-conviction relief petition. He isn't entitled to equitable tolling.

Because the statute of limitations expired on July 10, 2014, this case must be dismissed as untimely filed. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. Id. at 484. If the petitioner meets that

requirement, he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. Id. As already explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability will be denied.

For the foregoing reasons, the habeas corpus petition is DENIED. This case is DISMISSED. Kenny L. Futch is DENIED a certificate of appealability.

SO ORDERED.

ENTERED: August  3 , 2015.              /s/ Robert L. Miller, Jr.

                                                              Judge

                                                              United States District Court